IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

P.R. and B.R., for themselves and,                                  Case No. 3:05CV7395

        Plaintiff

v.                                                                                          ORDER

Woodmore Local School District,

        Defendant

      This is a suit by parents of a child alleged to be covered by Individuals With Disabilities Education Act, 20 U.S.C. § 1400 et seq. [IDEA]. In an earlier decision, on the basis of partial *de novo* review, I upheld the administrative decision by the State Level Review Officer that the defendant school district's assessment of the child's condition, status, and non-entitlement to services under the IDEA was correct.

      Left unresolved in that decision was whether the parents, who had obtained an independent educational evaluation [IEE] were entitled under IDEA to reimbursement for the expenses of that evaluation. Following a conference with the parties, they were directed to file supplemental briefs on that issue. They have done so.

      For the reasons that follow, I conclude that the parents are not entitled to be reimbursed for the IEE.

**Discussion**

The dispute before me does not involve whether parents are entitled to obtain an IEE at public expense. Under 34 C.F.R. § 300.502(b) they are entitled to obtain such independent assessment where they: 1) disagree with the school district's evaluation; and 2) request such evaluation at public expense.

Where the parents have such disagreement and make such request, the school district must either pay for the IEE or, under 34 C.F.R. § 300.507, request a due process hearing to establish that its evaluation [with which the parents disagree] was appropriate or the IEE obtained by the parents fails to meet the district's criteria.

In this case the parents did not notify the district in advance that they wanted to, and had obtained the IEE. Thus, the district was not able beforehand to request a due process hearing to show that its evaluation was appropriate or that the parents' IEE did not meet the district's criteria.

To the extent that the district argues that the failure to provide prior notice of the desire for the IEE precludes any obligation on its part to reimburse the parents, their contention is not well taken. *Board of Educ. of Murphysboro Community Unit School Dist. No. 186 v. State of Illinois*, 41 F.3d 1162, 1169 (7th Cir. 1994) ("parents can initiate an evaluation before notifying a school district that they disagree with the district's evaluation.") (citing *Hudson v. Wilson*, 828 F.2d 1059, 1065 (4th Cir.1987)).[1]

Although the district did not and has not requested a due process hearing to show that its evaluation was appropriate, the appropriateness of its evaluation has been confirmed via another

---

[1] For purposes of this decision, I assume *arguendo*, that the parents properly requested reimbursement, despite the district's contentions to the contrary.

route: namely, my review and determination in my earlier decision in this case. The appropriateness of the district's evaluation was thereby tested as thoroughly and completely as it would have been had there been a due process inquiry into that issue.

The parents have not shown that the district's evaluation was inappropriate. They are, therefore, not entitled to reimbursement for the IEE which they obtained upon disagreeing with the district's evaluation. *Holmes v. Millcreek Tp. School Dist.* 205 F.3d 583, 591 (3d Cir. 2000) (parents "may be reimbursed for the . . . IEE only by showing that the School District's 1994 re-evaluation would be inappropriate.").

## Conclusion

For the foregoing reasons, it is, therefore,

ORDERED THAT defendant's motion for judgment on the record with respect to the denial of the plaintiffs' motion for reimbursement for their IEE be, and the same hereby is granted; plaintiffs' motion for such reimbursement is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge